## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 4:22-CR-10001-GAYLES

UNITED STATES OF AMERICA,

v.

JAVIER ANTONIO ORTIZ ORTIZ,

**Defendant.**

_____/

### ORDER

**THIS CAUSE** comes before the Court on Defendant Javier Antonio Ortiz Ortiz's *pro se* Motion for Compassion Release pursuant to 18 U.S.C. § 3582(c)(1) (the "Motion"). [ECF No. 83]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

### BACKGROUND

Defendant Javier Antonio Ortiz Ortiz is a 58-year-old male currently incarcerated at the Fort Dix Federal Correctional Institution ("Ft. Dix FCI") with a projected release date of April 14, 2025. Defendant was a narcotics broker who connected his co-defendant, Wally Lora ("Lora"), with an undercover agent who Defendant believed to be a cocaine supplier. Based on this connection, Lora attempted to purchase five (5) kilograms of cocaine from the undercover agent and was arrested. On March 2, 2023, Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. [ECF No. 80]. On May 18, 2023, the Court sentenced Defendant to a 46-month term of imprisonment and a 3-year term of supervised release. [ECF No. 80].

In his Motion, Defendant asks the Court to grant him a reduction in sentence and/or compassionate release. Defendant alleges that (1) his medical conditions of an enlarged prostate and high blood pressure and (2) his 81-year-old mother's cardiovascular disease and general age-related deterioration constitute extraordinary and compelling reasons for granting his Motion. *Id.*

Defendant claims that he presented a request for sentence reduction to the Warden at Ft. Dix FCI on October 1, 2023, who denied his request "before or after" November 1, 2023. [ECF No. 83]. However, Defendant has not provided the Court with a copy of the request he made to the Warden or the purported denial.

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Kramer*, No. 19-20031-CR, 2022 WL 6731793, at *1 (S.D. Fla. Oct. 11, 2022) (citing *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must

also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(a)(2) (U.S. Sentencing Comm'n 2023); *see also* 18 U.S.C. § 3142(g) (2018).

Thus, to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The Defendant bears the burden of establishing that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017-BB, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)); *United States v. Lonergan*, No. 19-60131-CR, 2022 WL 426487 at *5 (S.D. Fla. Feb. 11, 2022).

## **DISCUSSION**

### A.    **Failure to Exhaust Administrative Remedies**

The Court denies Defendant's Motion because he has not exhausted his administrative remedies with the Bureau of Prisons ("BOP"). As an initial matter, 18 U.S.C. § 3582(c)(1)(A) allows a defendant to make a compassionate release request once he fully exhausts his administrative remedies with the BOP. Proper exhaustion requires that a defendant file a request for compassionate release with the warden of his facility and appeal the denied request. 18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 542.15 (outlining the administrative appeal process); 28 C.F.R. § 571.63 (defining what constitutes a "final administrative decision"). Alternatively, a defendant must show that at least thirty days have elapsed since the warden received his request. 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant has not established that he exhausted his administrative remedies with the BOP before filing the present Motion. Defendant has not presented the Court with any

documentation showing that he made such a request to the Warden and then either appealed the denied request or allowed thirty days to pass before filing the Motion. The Court thus finds that Defendant failed to exhaust his administrative remedies, and the Motion shall be denied without prejudice.

**B.      Merits of Defendant's Request**

Even if Defendant had exhausted his administrative remedies, the Court finds that his Motion must otherwise be denied on the merits.

**1.      Section 3553(a) Factors Do Not Support Release or Sentence Reduction**

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.*

Defendant pled guilty to conspiring with Lora and a co-conspirator in Colombia from at least December 1, 2021, through December 17, 2021, to arrange for Lora to purchase five (5) kilograms of cocaine. [ECF No. 72]. While Defendant was a first-time offender, he conspired to knowingly and intentionally attempt to possess, through international cooperation, a highly addictive narcotic, from which he would receive a brokerage fee per kilogram. *Id.* At sentencing, the Court granted Defendant's request for a two-level downward variance to account for impending changes to the sentencing guidelines for zero-point offenders, resulting in a new

guidelines range of 46-57 months, and imposed a sentence of 46 months.[1] At bottom, the Court already considered the § 3553(a) factors in imposing Defendant's sentence at the low end of the guidelines, and Defendant has not presented the Court with any new facts or law that would require a reassessment of his sentence. Accordingly, the Court finds that the § 3553(a) factors do not support Defendant's release or sentence reduction.

> **2.    Defendant Fails to Allege Extraordinary and Compelling Reasons for Release or Sentence Reduction**

Though undefined in 18 U.S.C. § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include:

> **(1) Medical Circumstances of the Defendant.**
>
> > (B) The defendant is--
> >
> > > (i) suffering from a serious physical or medical condition,
> > >
> > > (ii) suffering from a serious functional or cognitive impairment, or
> > >
> > > (iii) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> >
> > . . .
>
> **(3) Family Circumstances of the Defendant.**
>
> > (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

U.S. Sentencing Guidelines Manual § 1B1.13(b)(1)(B) and (b)(3)(C) (U.S. Sentencing Comm'n 2023).

Defendant alleges he has certain medical issues, including an enlarged prostate and high

---

[1] Lora received a sentence of 120 months. [ECF No. 56].

blood pressure due to increased cholesterol levels, that diminish his ability to provide self-care in prison. [ECF No. 83]. However, Defendant's 2023 medical records indicate that his medical conditions have been and continue to be successfully monitored and treated at Ft. Dix FCI. *Id.* Defendant currently takes Tansolosin HCI and Finesteride which reduce and control enlarged prostate symptoms. Defendant also takes Aspirin to control his high blood pressure and Atorvastatin to reduce his cholesterol levels. *Id.* Defendant's medical records do not demonstrate that his current ailments substantially diminish his ability to provide self-care within the environment of a correctional facility. *See United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275 (S.D. Fla. 2020) (holding that an elderly inmate in colon cancer remission could not meet burden for compassionate release because of the inmate's ability to provide self-care in prison); *Cannon v. United States*, No. CR-11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019) (denying compassionate release because the defendant's medical records show that his conditions are being controlled with medication and "there is no mention that his conditions are escalating or preventing him from being from being able to provide self-care."); *United States v. Mukherjee*, 614 F. Supp. 3d 560 (E.D. Mich. 2022) (finding that a defendant's diagnoses, which included an enlarged prostate, were not "extraordinary or compelling by themselves.") Accordingly, this Court finds that Defendant's medical circumstances do not warrant compassionate release.

Defendant further alleges that his 81-year-old mother suffers from high-blood pressure, osteoporosis, and poor eyesight. [ECF No. 83]. Defendant claims that upon release, he would be his mother's primary caregiver, "something she currently lacks." *Id.* While the Defendant's mother's conditions are concerning, they do not amount to incapacitation. *See United States v. Barberree*, No. 8:09-CR-266-VMC-AEP, 2021 WL 616049, at *3 (M.D. Fla. Feb. 17, 2021)

(citing *United States v. Greene*, No. 1:17-cr-00012-NT-1, 2020 WL 4475892, at *5 (D. Maine Aug. 4, 2020) (finding that a need to care for an inmate's blind, elderly mother, who had a serious heart condition, does not constitute an extraordinary and compelling circumstance warranting compassionate release)). In addition to failing to show that his mother is incapacitated, Defendant does not claim to be the *only* available caregiver for his mother. *See* U.S.S.G. § 1B1.13(b)(3)(C) (emphasis added). In fact, Defendant has previously stated that since his arrest, his daughters assist in caring for his mother. *See* [ECF No. 78]. As such, this Court finds that Defendant's family circumstances do not present extraordinary and compelling reasons for release.

## **CONCLUSION**

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Javier Antonio Ortiz Ortiz' *pro se* Motion for Compassion Release pursuant to 18 U.S.C. § 3582(c)(1) (the "Motion"). [ECF No. 83] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of October, 2024.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE